## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M Company and 3M Innovative Properties Company,<br><br>Plaintiffs,<br><br>v.<br><br>Saint-Gobain Abrasives, Inc.,<br><br>Defendant. | Civil No._____<br><br><br>**COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiffs 3M Company and 3M Innovative Properties Company (collectively, "3M"), for their Complaint against defendant Saint-Gobain Abrasives, Inc. ("Saint-Gobain"), state and allege as follows:

## **PARTIES**

1. Plaintiff 3M Company is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 3M Center, St. Paul, Minnesota 55133.

2. Plaintiff 3M Innovative Properties Company is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 3M Center, St. Paul, Minnesota 55133.

3. Defendant Saint-Gobain Abrasives, Inc. is a Massachusetts corporation having a principal place of business at One New Bond Street, Worcester, Massachusetts 01615.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims alleged herein arise under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

5. This Court has personal jurisdiction over Saint-Gobain under Minn. Stat. § 543.19 and the due process clause of the U.S. Constitution because Saint-Gobain transacts business in Minnesota and has otherwise committed acts of infringement of one or more claims of the Patents-in-Suit in and beyond Minnesota causing injury to 3M in Minnesota.  Saint-Gobain has continuous and systematic contacts with the state of Minnesota, including intentionally directing its products for sale into the state of Minnesota.  Saint-Gobain maintains extensive relationships with distributors (such as automotive aftermarket distributors) and end users (such as automobile body shops and their employees) in the state of Minnesota to deliberately cause the sale, offer for sale, and/or use of its products in the state of Minnesota.  The accused Norton TORQ Paint System and Carborundum Paint System products are among the products that Saint-Gobain deliberately causes to be sold, offered for sale, and/or used in the state of Minnesota.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Saint-Gobain is subject to personal jurisdiction in this district and has committed acts of infringement in this district.

## PATENTS-IN-SUIT

7. On April 23, 2013, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,424,780 ("the '780 patent"), entitled "Apparatus For Spraying Liquids, And Adapters And Liquid Reservoirs Suitable For Use Therewith," naming as inventors Stephen C. P. Joseph, Malcolm F. Douglas, Alan F. Butler, David R. Bastow, Jerry E. Salhus, and Margaret A. Hartfel. A copy of the '780 patent is attached hereto as Exhibit A.

8. 3M Innovative Properties Company is the owner by assignment of the entire right, title, and interest in the '780 patent. 3M Company is the exclusive licensee of the '780 patent.

9. On January 14, 2014, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,628,026 ("the '026 patent"), entitled "Apparatus For Spraying Liquids, And Disposable Containers And Liners Suitable For Use Therewith," naming as inventors Stephen C. P. Joseph, Malcolm F. Douglas, Alan F. Butler, David R. Bastow, Jerry E. Salhus, and Margaret A. Hartfel. A copy of the '026 patent is attached hereto as Exhibit B.

10. 3M Innovative Properties Company is the owner by assignment of the entire right, title, and interest in the '026 patent. 3M Company is the exclusive licensee of the '026 patent.

## **COUNT I: INFRINGEMENT OF THE '780 PATENT**

11.     3M incorporates the allegations contained in paragraphs 1 through 10 above as though fully set forth herein.

<u>Direct Infringement by Saint-Gobain under 35 U.S.C. § 271(a)</u>

12.     Saint-Gobain has infringed and is continuing to infringe one or more claims of the '780 patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, the Norton TORQ Paint System and Carborundum Paint System products.  (*See* Ex. C; Norton TORQ Instructions; *see also* Ex. D, Brochure – Norton TORQ Paint System 8074 (8/13), available at www.nortonautomotive.com/paint-system.aspx; *see also* Ex. E, Catalog 330 – Norton TORQ Paint System with Spillgard, available at www.nortonautomotive.com/paint-system.aspx; *see also* Ex. F, Brochure – Carborundum Paint System, available at www.aa.carborundumabrasives.com/carbo-paint-system.aspx.)

<u>Indirect Infringement by Saint-Gobain under 35 U.S.C. § 271(b)</u>

13.     Saint-Gobain had knowledge of the '780 patent prior to the filing of this Complaint.  Saint-Gobain monitors 3M's patents and patent applications related to paint system products.  Saint-Gobain has also cited the published application for the '780 patent to the United States Patent and Trademark Office in connection with the prosecution of its own patent applications related to paint system products on several occasions since the issuance of the '780 patent.  Saint-Gobain has also cited 3M's patents and patent applications related to the '780 patent, including patents and patent applications to which the '780 patent claims priority, to the United States Patent and

Trademark Office in connection with the prosecution of its own patent applications related to paint system products. In addition, Saint-Gobain has knowledge of the '780 patent as a result of the filing of this Complaint.

14. Saint-Gobain's customers and/or the end users of its products have infringed and are continuing to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '780 patent by using, offering to sell, and/or selling the Norton TORQ Paint System and Carborundum Paint System products within the United States.

15. Saint-Gobain knew and/or knows that the use, offer for sale, and/or sale of the Norton TORQ Paint System and Carborundum Paint System products by Saint-Gobain's customers and/or the end users of these products constituted or would constitute infringement of at least one claim of the '780 patent, or Saint-Gobain believed and/or believes there was and/or is a high probability that Saint-Gobain's customers and/or the end users of the Norton TORQ Paint System and Carborundum Paint System products were and/or are infringing the '780 patent but deliberately avoided confirming that belief. For example, Saint-Gobain had knowledge of the '780 patent prior to the filing of this Complaint, or at the latest, as a result of the filing of this Complaint. After becoming aware of the '780 patent, Saint-Gobain knew and/or knows that its customers and/or the end users of the Norton TORQ Paint System and Carborundum Paint System products continued and/or continue to use, offer for sale, and/or sell the Norton TORQ Paint System and Carborundum Paint System products. Thus, Saint-Gobain knew and/or knows that the continued use, offer for sale, and/or sale of the Norton TORQ Paint System and Carborundum Paint System products by its customers and/or the end users of

these products constituted infringement, or Saint-Gobain believed and/or believes there was and/or is a high probability that the continued use, offer for sale, and/or sale of the Norton TORQ Paint System and Carborundum Paint System products by its customers and/or the end users of these products would infringe the '780 patent, but deliberately avoided confirming that belief.

16. Saint-Gobain has actively, knowingly, and intentionally induced infringement of the '780 patent, and is continuing to induce infringement of the '780 patent, by making, using, offering for sale, selling, and/or importing into the United States the Norton TORQ Paint System and Carborundum Paint System products, and/or by contracting with others to use, market, offer to sell, sell, and/or import into the United States the Norton TORQ Paint System and Carborundum Paint System products, with knowledge of the '780 patent, and with the specific intent to cause the use, offer for sale, and/or sale of these products by Saint-Gobain's customers and/or the end users of these products. For example, after Saint-Gobain became aware of the '780 patent, Saint-Gobain has continued to make, use, offer to sell, sell, and/or import into the United States the Norton TORQ Paint System and Carborundum Paint System products, and also continued to maintain distributor and/or customer relationships to facilitate the use, offer for sale, and/or sale of the Norton TORQ Paint System and Carborundum Paint System products in the United States.

17. Saint-Gobain has also actively, knowingly, and intentionally induced infringement of the '780 patent, and is continuing to induce infringement of the '780 patent, by instructing, encouraging, promoting, and/or facilitating the use, offer for sale,

6

and/or sale of the Norton TORQ Paint System and Carborundum Paint System products. For example, Saint-Gobain has created and distributed promotional and marketing materials, instructions for use, and videos that encourage the use, offer for sale, and/or sale of the Norton TORQ Paint System and Carborundum Paint System products, with knowledge of the '780 patent, and with the specific intent to cause the use, offer for sale, and/or sale of these products by Saint-Gobain's customers and/or the end users of these products.  (*See* Exs. C-F.)

Indirect Infringement by Saint-Gobain under 35 U.S.C. § 271(c)

18.     Saint-Gobain has contributed to the infringement of the '780 patent by others, including Saint-Gobain's customers and/or the end users of the Norton TORQ Paint System and Carborundum Paint System products, and continues to contribute to the infringement by others, by making, offering for sale, selling, and/or importing into the United States the Norton TORQ Paint System and Carborundum Paint System products.

19.     The Norton TORQ Paint System and Carborundum Paint System products constitute a material part of at least one claim of the '780 patent because components of these products comprise one or more of the required components of one or more claims of the '780 patent and/or are used to perform one or more of the required steps of one or more claims of the '780 patent.  For example, adapters and liquid reservoirs of the Norton TORQ Paint System and Carborundum Paint System products comprise one or more of the required components of one or more claims of the '780 patent and/or are used to perform one or more of the required steps of one or more claims of the '780 patent.

20. Saint-Gobain had knowledge of the '780 patent prior to the filing of this Complaint, or at the latest, as a result of the filing of this Complaint. Thus, Saint-Gobain has known and/or knows that the Norton TORQ Paint System and Carborundum Paint System products were especially made or especially adapted for use in spray guns, methods, or kits covered by the claims of the '780 patent. For example, one or more adapters and/or liquid reservoirs of the Norton TORQ Paint System and Carborundum Paint System products were especially made or especially adapted for use in spray guns, methods, or kits covered by the claims of the '780 patent.

21. Because the components of the Norton TORQ Paint System and Carborundum Paint System products were specifically designed to fit and function with each other, cannot be used in non-infringing spray guns, methods, and/or kits, and are covered by one or more claims of the '780 patent, the Norton TORQ Paint System and Carborundum Paint System products have no substantial non-infringing uses. For example, the instructions and brochures for the Norton TORQ Paint System and Carborundum Paint System products do not contain instructions for a use that does not infringe at least one claim of the '780 patent. (*See* Exs. C-F.)

22. 3M has suffered monetary damages as a result of Saint-Gobain's direct and indirect infringement of the '780 patent in an amount to be determined at trial.

23. 3M has suffered irreparable harm by Saint-Gobain's direct and indirect infringement of the '780 patent and will continue to suffer irreparable harm in the future unless Saint-Gobain is enjoined from infringing the '780 patent.

## COUNT II: INFRINGEMENT OF THE '026 PATENT

24. 3M incorporates the allegations contained in paragraphs 1 through 23 above as though fully set forth herein.

<u>Direct Infringement by Saint-Gobain under 35 U.S.C. § 271(a)</u>

25. Saint-Gobain is infringing one or more claims of the '026 patent, literally and/or under the doctrine of equivalents, by using the Norton TORQ Paint System and Carborundum Paint System products within the United States to perform the claimed invention of one or more claims of the '026 patent. (*See* Exs. C-F.)

<u>Indirect Infringement by Saint-Gobain under 35 U.S.C. § 271(b)</u>

26. Saint-Gobain monitors 3M's patents and patent applications related to paint system products. Saint-Gobain has also cited the published application for the '026 patent to the United States Patent and Trademark Office in connection with the prosecution of its own patent applications related to paint system products. Saint-Gobain has also cited 3M's patents and patent applications related to the '026 patent, including patents and patents applications to which the '026 patent claims priority, to the United States Patent and Trademark Office in connection with the prosecution of its own patent applications related to paint system products. In addition, Saint-Gobain has gained knowledge of the '026 patent as a result of the filing of this Complaint. Thus, Saint-Gobain has knowledge of the '026 patent.

27. Saint-Gobain's customers and/or the end users of the Norton TORQ Paint System and Carborundum Paint System products infringe, literally and/or under the doctrine of equivalents, one or more claims of the '026 patent by using the Norton TORQ

Paint System and Carborundum Paint System products to perform the claimed invention of one or more claims of the '026 patent.

28.     Saint-Gobain knows that the use of the Norton TORQ Paint System and Carborundum Paint System products by Saint-Gobain's customers and/or the end users of these products constitutes infringement of at least one claim of the '026 patent, or Saint-Gobain believes there is a high probability that the use of the Norton TORQ Paint System and Carborundum Paint System products by Saint-Gobain's customers and/or the end users of these products infringes the '026 patent, but has deliberately avoided confirming that belief.  For example, Saint-Gobain has gained knowledge of the '026 patent, at the latest, as a result of the filing of this Complaint.  After becoming aware of the '026 patent, Saint-Gobain knows that its customers and/or the end users of the Norton TORQ Paint System and Carborundum Paint System products are using these products to infringe the '026 patent.  Thus, Saint-Gobain knows that the use of the Norton TORQ Paint System and Carborundum Paint System products by its customers and/or the end users of these products constitutes infringement, or Saint-Gobain believes there is a high probability that the use of the Norton TORQ Paint System and Carborundum Paint System products by its customers and/or the end users of these products infringes the '026 patent but has deliberately avoided confirming that belief.

29.     Saint-Gobain is actively, knowingly, and intentionally inducing infringement of the '026 patent by making, using, offering for sale, selling, and/or importing into the United States the Norton TORQ Paint System and Carborundum Paint System products, and/or by contracting with others to use, market, offer to sell, sell,

and/or import into the United States the Norton TORQ Paint System and Carborundum Paint System products, the use of which infringes the '026 patent, with knowledge of the '026 patent, and with the specific intent to cause the use of these products by Saint-Gobain's customers and/or the end users of these products.  For example, after becoming aware of the '026 patent, Saint-Gobain is continuing to make, use, offer to sell, sell, and/or import into the United States the Norton TORQ Paint System and Carborundum Paint System products, and also continuing to maintain distributor and/or customer relationships to facilitate the use of these products in the United States.

30. Saint-Gobain is also actively, knowingly, and intentionally inducing infringement of the '026 patent by instructing, encouraging, promoting, and/or facilitating the use of the Norton TORQ Paint System and Carborundum Paint System products.  For example, Saint-Gobain is creating and distributing promotional and marketing materials, instructions for use, and videos that encourage the use of the Norton TORQ Paint System and Carborundum Paint System products, with knowledge of the '026 patent, and with the specific intent to cause the use of these products by Saint-Gobain's customers and/or the end users of these products.  (*See* Exs. C-F.)

Indirect Infringement by Saint-Gobain under 35 U.S.C. § 271(c)

31. Saint-Gobain contributes to the infringement of the '026 patent by others, including Saint-Gobain's customers and/or the end users of the Norton TORQ Paint System and Carborundum Paint System products, by making, offering for sale, selling, and/or importing into the United States the Norton TORQ Paint System and Carborundum Paint System products, the use of which infringes the '026 patent.

11

32. The Norton TORQ Paint System and Carborundum Paint System products constitute a material part of at least one claim of the '026 patent because components of these products are used to perform one or more of the required steps of one or more claims of the '026 patent. For example, receptacles, liners, and lids of the Norton TORQ Paint System and Carborundum Paint System products are used to perform one or more of the required steps of one or more claims of the '026 patent.

33. Saint-Gobain has gained knowledge of the '026 patent, at the latest, as a result of the filing of this Complaint. Thus, Saint-Gobain knows that the Norton TORQ Paint System and Carborundum Paint System products were especially made or especially adapted for use in performing a method covered by the claims of the '026 patent. For example, receptacles, liners, and lids of the Norton TORQ Paint System and Carborundum Paint System products were especially made or especially adapted for use in performing a method covered by one or more claims of the '026 patent.

34. Because the components of the Norton TORQ Paint System and Carborundum Paint System products were specifically designed to fit and function with each other, cannot be used in non-infringing paint methods, and are covered by one or more claims of the '026 patent, the Norton TORQ Paint System and Carborundum Paint System products have no substantial non-infringing uses. For example, the instructions and brochures for the Norton TORQ Paint System and Carborundum Paint System products do not contain instructions for a use that does not infringe at least one claim of the '026 patent. (*See* Exs. C-F.)

35. 3M has suffered monetary damages as a result of Saint-Gobain's direct and indirect infringement of the '026 patent in an amount to be determined at trial.

36. 3M has suffered irreparable harm by Saint-Gobain's direct and indirect infringement of the '026 patent and will continue to suffer irreparable harm in the future unless Saint-Gobain is enjoined from infringing the '026 patent.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, 3M respectfully requests a trial by jury of any and all issues on which a trial is available under applicable law.

## **PRAYER FOR RELIEF**

WHEREFORE, 3M respectfully requests this Court:

A. To enter judgment that Saint-Gobain has directly and/or indirectly infringed the claims of the '780 patent and '026 patent in violation of 35 U.S.C. § 271;

B. To enter orders preliminarily and permanently enjoining Saint-Gobain, and its respective officers, agents, servants, and employees, and all persons in active concert or participation with any of them from infringing the claims of the '780 patent and '026 patent in violation of 35 U.S.C. § 271;

C. To award 3M an accounting for damages and its damages in amounts sufficient to compensate it for Saint-Gobain's infringement of the claims of the '780 patent and '026 patent, together with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

    D.    To declare this case to be "exceptional" under 35 U.S.C. § 285 and to award 3M its attorneys' fees, expenses, and costs incurred in this action; and

    E.    To award 3M such other and further relief as this Court deems just and proper.

Dated: January 14, 2014

FAEGRE BAKER DANIELS LLP

*David J.F. Gross*

David J.F. Gross (#208772)
david.gross@faegrebd.com
James W. Poradek (#290488)
james.poradek@ faegrebd.com
Theodore M. Budd (#314778)
ted.budd@faegrebd.com
Katherine S. Razavi (#388958)
kate.ravazi@faegrebd.com
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

**ATTORNEYS FOR PLAINTIFFS 3M COMPANY AND 3M INNOVATIVE PROPERTIES COMPANY**